**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ANDY SYLVIAN,**

      **Plaintiff,**

**vs.**                   **Case No. 4:10cv55-MP/WCS**

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

      **Defendant.**

_____/


## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil

rights complaint under 42 U.S.C. § 1983.  Doc. 1.  As Plaintiff has now paid the

assessed initial partial filing fee, docs. 14 and 15, the complaint has been reviewed

pursuant to 28 U.S.C. § 1915A.

    Plaintiff's complaint is against the Department of Corrections, and challenges

Rule 33-602.101(4) which requires inmates to be clean shaven.  Doc. 1, p. 5.  Plaintiff

contends that the Rule violates his First Amendment right to the free exercise of his

religion (Islam) and the Federal Religious Land Use Act (RLUIPA), as well as Florida

law.  *Id.*

This complaint fails to state a claim upon which relief may be granted. It is well-settled that prison rules or requirements that prisoners be clean shaven, without a beard, do not violate the federal constitution or federal law. Muhammad v. Crosby, 2007 WL 604937 (N.D. Fla. Feb 22, 2007) (No. 4:05CV193 WS); Shabazz v. Barnauskas, 790 F.2d 1536 (11th Cir. 1986); Martinelli v. Dugger, 817 F.2d 1499 (11th Cir.1987), *cert. denied*, 484 U.S. 1012 (1988) (prison hair length rule and shaving regulations upheld as constitutional under First Amendment and were "rationally related to substantial government interests"); Harris v. Chapman, 97 F.3d 499 (11th Cir. 1996) (holding that prison hair length rule is constitutional and meets the least restrictive means test of RFRA); *see also* Brooks v. Wainwright, 428 F.2d 652 (5th Cir. 1970) (prison rule requiring inmates to shave twice a week and have periodic haircuts did not violate free exercise of religion rights); Brightly v. Wainwright, 814 F.2d 612 (11th Cir. 1987) (prison rule requiring all male inmates to be clean shaven and have their hair cut short was "rationally related to a substantial government interest and that restriction is no greater than necessary to accomplish its purpose), *cert. denied* Watts v. Dugger, 484 U.S. 944 (19887) (holding that Florida's grooming regulations requiring all inmates to shave and cut their hair is rationally related to a substantial government interest and that restriction is no greater than necessary to accomplish its purpose" and noting the issue was controlled by prior circuit precedent), *citing to* Shabazz, *supra*, and Maimon v. Wainwright, 792 F.2d 133 (11th Cir. 1986) (upholding Florida prison grooming rules).

Accordingly, it is **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct

the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2010.


 s/      William C. Sherrill, Jr.

**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**